1 | KEVIN V. RYAN (CASBN 118321)
United States Attorney

2

EUMI L. CHOI (WVSBN 0722)
3 | Chief, Criminal Division

4 | ROBERT DAVID REES (CASBN 229441)
Assistant United States Attorney

5

450 Golden Gate Ave.
6 | San Francisco, California 94102
Telephone: (415) 436-7210
7 | Facsimile: (415) 436-7234

8 | Attorneys for Plaintiff

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

UNITED STATES OF AMERICA,           )        No.: CR 05-0672 MHP
13                                   )
          Plaintiff,                 )
14                                   )        ORDER OF DETENTION
     v.                              )        PENDING TRIAL
15                                   )
DAVID HENDERSON,                     )
16                                   )
          Defendant.                 )
17 | _____ )

18 |     This matter came before the Court on November 22, 29, and 30, 2005 for detention

19 | hearings.  Defendant David Henderson was present and represented by Chief Assistant Federal

20 | Public Defender Geoffrey Hanson.  Assistant United States Attorney Robert David Rees

21 | appeared for the United States of America.

22 |     Pretrial Services submitted a report to the Court and the parties that recommended

23 | detention, and a representative of Pretrial Services was present at the hearings.  The government

24 | requested detention, and Defendant opposed.  Proffers, exhibits, and arguments affecting

25 | detention were submitted by the parties at the hearings.

26 |     Upon consideration of the facts, exhibits, proffers, and arguments presented, the Court

DETENTION ORDER:  UNITED STATES v. HENDERSON, CR 05 0672 MHP

1  finds by a preponderance of the evidence that although there are conditions under which release

2  could reasonably assure the appearance of Defendant upon release, those conditions (*i.e.*, a

3  viable surety) have not been met here.  Accordingly, the Court concludes that Defendant must be

4  detained pending trial in this matter, unless and until those conditions can be satisfied.

5      The present order supplements the Court's findings at the detention hearing and serves as

6  a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

7      At the outset, the Court rejects Defendant's argument that he has a Sixth Amendment

8  right under *Crawford v. Washington*, 541 U.S. 36 (2004) to call and cross-examine prosecution

9  witnesses in a detention hearing and that the government cannot proceed by proffer.  No court

10  has held a detention hearing is a "criminal prosecution" to which the Sixth Amendment applies.

11  *Cf. U.S. v. Hall*, 419 F.3d 980 (9th Cir. 2005) (Sixth Amendment does not apply to revocation

12  hearing on supervised release), *U.S. v. Winsor*, 785 F.2d 755 (9th Cir. 1986) (defendant has no

13  right to cross-examine adverse witnesses not called to testify in detention hearing).  *See U.S. v.*

14  *Salerno*, 481 U.S. 739 (1987) (emphasizing regulatory aspect of pre-trial detention).  On the

15  other hand, due process does apply.  Under some circumstances (*e.g.* where the government's

16  argument for detention is based on evidence of questionable reliability and there is not good

17  reason not to present the witness for examination) a defendant may be entitled to cross-examine

18  adverse witness(es) as a matter of due process.  *See U.S. v. Comito*, 177 F.3d 1166 (9th Cir.

19  1999); *Winsor*, 785 F.2d at 757 (implying that if there is a proper proffer, defendant may have

20  right to cross-examine investigator and police officers).  However, because the Court relies

21  herein on relatively undisputed evidence about the alleged offense, Defendant's circumstances

22  and criminal history, it concludes cross-examination would have little utility here and is not

23  mandated by due process.

24      The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors which the

25  Court must consider in determining whether pretrial detention is warranted.  These factors are:

26          (1)  the nature and circumstances of the offense charged (§ 3142(g)(1));

DETENTION ORDER: HENDERSON        2

1      (2)  the weight of the evidence against the person (§ 3142(g)(2));

2      (3)  the history and characteristics of the person including, among other

3      considerations, character, employment, family, and past conduct and criminal

4      history (§ 3142(g)(3)); and

5      (4)  the nature and seriousness of the danger to any person or the community that

6      would be posed by the person's release (§ 3142(g)(4)).

7      With regard to the first factor, the nature and circumstances of the offense charged,

8 Defendant is accused of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

9 The Court takes notice of the transcript of a preliminary hearing in San Mateo County which

10 outlines the underlying facts of the present charge.  According to the transcript, Defendant David

11 Henderson was arrested at the scene of a break-in at a gun store on June 10, 2005.  A car

12 registered to Defendant had been driven through the front windows and wall of the store, and

13 two 12-gauge shotguns had been loaded inside the store.  Police also found evidence indicating

14 that several shotgun rounds were discharged in the store.  Upon his arrest, Defendant tested

15 positive for cocaine.  While Defendant would prefer a more extensive cross-examination of the

16 officers on the scene, these facts do not appear to be seriously in dispute.

17      The second factor, the weight of the evidence, is considered the least important of the

18 factors.  The Bail Reform Act neither requires nor permits a pretrial determination of guilt.

19 *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991).  However, the weight of the

20 evidence, which is entitled to some consideration, appears strong.  It appears undisputed that

21 Defendant crashed his car into the gun store, exercised dominion and control over at least one

22 firearm and caused it to fire more than once.

23      The Court further finds that the third factor, the history and characteristics of the

24 defendant, militate against the defendant and in favor of detention.  The Pretrial Services Report

25 confirms the defendant has an extensive criminal history.  Defendant has suffered numerous

26 convictions, including three separate felonies and five misdemeanors.  A number of these

DETENTION ORDER: HENDERSON     3

1    convictions occurred while Defendant was on probation for a prior offense, and indicate a failure
2    to adhere to court orders and rules.

3            Defendant's criminal history and the Pretrial Services Report also reveals that seven
4    bench warrants have been issued against Defendant.  To be sure, Defendant has raised
5    substantial questions about whether some of those warrants were for reasons other than failures
6    to appear or were mitigated, but in at least one instance, the failure to appear resulted in
7    revocation of bail.

8            Defendant's record indicates that he is not generally amenable to supervision.  Defendant
9    has violated his probation several times, and his background does not indicate the kind of
10   reliability that would reasonably assure the Defendant's appearance, at least under the conditions
11   of state court supervision to which he has been subjected.

12           As to his ties to the community, Defendant has provided no available individual to act as
13   a bond surety or custodian.  No one has appeared in court, provided a letter of support, or made
14   themselves available for pre-trial interview.

15           With respect to the fourth factor, the nature and seriousness of the danger to the
16   community, the Court does not believe that the government has proven by clear and convincing
17   evidence that Defendant poses any such danger that cannot be met by a combination of
18   conditions.

19           Notwithstanding the foregoing, the Court notes that most of the prior offenses are related
20   to drugs or property crimes (*e.g.* burglary, hit and run) and that despite prior probation
21   violations, he did successfully complete diversion in 2004.  Accordingly, despite prior
22   transgressions of court supervision and bench warrants, the Court is prepared to accept
23   Defendant's proffered condition of release to a half-way house, if he can demonstrate some
24   degree of community support.  However, as noted above, he has not been able to garner any
25   person willing to step forward and vouch for him, even though he has relatives in the local area
26   and has lived and worked here for years.  It appears, therefore, he has no real ties to this

DETENTION ORDER: HENDERSON          4

1  community and no support.  If he can produce someone who will vouch for him, the Court will

2  release him to a half-way house.

3       Accordingly, based on all of the evidence above, the Court finds by a preponderance of

4  the evidence that no presently available condition or combination of conditions of release will

5  reasonably assure the appearance of Defendant as required.  The Court is open to reconsideration

6  as stated herein.

7

8       Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

9       (1) the Defendant be, and hereby is, committed to the custody of the Attorney

10       General for confinement in a corrections facility separate, to the extent

11       practicable, from persons awaiting or serving sentences or being held in custody

12       pending appeal;

13       (2) the Defendant be afforded reasonable opportunity for private consultation with

14       his counsel; and

15       (3) on order of a court of the United States or on request of an attorney for the

16       government, the person in charge of the corrections facility in which the

17       Defendant is confined shall deliver the defendant to an authorized Deputy United

18       States Marshal for the purpose of any appearance in connection with a court

19       proceeding.

20

21  Dated: December 9, 2005

22

23  EDWARD M. CHEN
    United States Magistrate Judge

24

25

26

DETENTION ORDER: HENDERSON    5